# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MEHDI TAGHADOSS,**

      **Plaintiff,**

**v.**                                                      Case No: 6:17-cv-1894-Orl-31DCI

**BANK OF AMERICA, N.A.,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 6) filed by the Defendant, Bank of America, N.A. (henceforth, "BOA"), and the response in opposition (Doc. 10) filed by the Plaintiff, Mehdi Taghadoss.

### I. Background

According to the allegations of the Complaint (Doc. 2), which are accepted in pertinent part as true for purposes of resolving the instant motion, in 2015 BOA foreclosed a note and mortgage against Gerald Buckley and Debra Buckley. The final judgment of foreclosure, which BOA obtained on August 28, 2015, was in the amount of $189,560.28. (Doc. 2 at 3). The mortgage foreclosed by BOA was secondary to one held by Ditech Financial LLC ("Ditech"), which instituted its own foreclosure action against the Buckleys on December 8, 2015. (Doc. 2 at 2). The principal amount of the note given to Ditech by the Buckleys was $291,450; the underlying property was valued by the Volusia County Property Appraiser at $292,008. (Doc. 2 at 2, 5).

The judicial sale in the BOA foreclosure action took place on January 5, 2016. (Doc. 2 at 3). Taghadoss attended the sale. At the time, he was suffering from a debilitating mental illness

caused by the onset of diabetes. (Doc. 2 at 3). Unaware of his impairment, and unaware that the BOA mortgage was subordinate to the Ditech mortgage (and that Ditech had instituted its own foreclosure proceedings), Taghadoss bid $193,000 on a worthless mortgage. (Doc. 2 at 3). As no other entity had placed more than a nominal bid, Taghadoss won; he tendered the $193,000 to the clerk of courts and a certificate of title was issued to him two weeks later. (Doc. 2 at 3). BOA netted $192,906.92 from Taghadoss. (Doc. 2 at 3). Within a few days of the sale, Taghadoss fell into a diabetic coma, resulting in repeated, lengthy hospitalizations. (Doc. 2 at 3).

On August 2, 2017, Taghadoss filed the instant suit in state court, asserting claims against BOA for unjust enrichment (Count I) and rescission based on mental incompetence (Count II). The case was removed to this court on November 2, 2017. By way of the instant motion, BOA seeks dismissal of both counts.

**II.     Legal Standards**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

#### A. Unjust Enrichment

Under Florida law, the elements of unjust enrichment are (1) plaintiff conferred a benefit on the defendant; (2) defendant voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Fito v. Attorneys' Title Ins. Fund, Inc.*, 83 So. 3d 755, 758 (Fla. 3d DCA 2011). The plaintiff must show that it directly conferred a benefit on the defendant. *Peoples Nat. Bank of Commerce v. First Union Nat. Bank of Florida, N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (affirming dismissal of unjust enrichment claim where plaintiff had

sued other banks that participated in joint loan, alleging that the other banks had been overpaid by organizer of joint loan, because any benefit from the overpayment would have been conferred by the organizer, not the plaintiff). BOA contends that Taghadoss did not confer a "direct benefit" on it because he paid the clerk of courts, not BOA. (Doc. 6 at 3). However, a plaintiff need not be in direct contact with a defendant to confer a direct benefit on it. *See, e.g.*, *Williams v. Wells Fargo Bank, N.A.*, No. 11-21233, 2011WL4901346 (S.D. Fla. October 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant."). Based on the allegations of the Complaint, the clerk of courts was merely an intermediary here, and Taghadoss conferred a direct benefit on BOA in the amount of $192,906.92. The motion will be denied as to Count I.

### B. Rescission

Under Florida law, the mental incompetence of one party to a real estate transaction, rendering him unable to understand the effect and significance of his actions, warrants rescission of the transaction. *Hartnett v. Lotauro*, 82 So. 2d 362, 364 (Fla. 1955). To state a claim for rescission, the complaint must set out:

> (1) The character or relationship of the parties;
>
> (2) The making of the contract;
>
> (3) The existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation;
>
> (4) That the party seeking rescission has rescinded the contract and notified the other party to the contract of such rescission.
>
> (5) If the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible;

(6) Lastly, that the moving party has no adequate remedy at law.

*Billian v. Mobil Corp.,* 710 So. 2d 984, 991 (Fla. 4th DCA 1998) (quoting *Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc.*, 174 So. 2d 614, 617 (Fla. 2d DCA 1965)).

BOA argues that Taghadoss has failed to state a claim for rescission because he has not alleged that he offered to restore BOA to the position it was in before the sale occurred. (Doc. 6 at 4). However, Taghadoss has alleged that his attorney sent a letter to BOA explaining the circumstances behind his bid, providing more details about his mental health and medical condition at the time, and demanding reimbursement of the funds he tendered at the judicial sale. (Doc. 2 at 5). Although the word "rescission" does not appear in Taghadoss's description of this letter, he is clearly seeking to undo the transaction in that document. For present purposes, that is sufficient to state a claim for rescission. The issue of restoring BOA to its prior position is a matter of remedy to be decided on the merits.

BOA also argues that because Taghadoss made his purchase through the clerk of courts, BOA was not a party to the transaction in question and his rescission claim fails as a matter of law. (Doc. 6 at 4-5). BOA provides no support for this argument, which the Court does not find persuasive.

### IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 20, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE